IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RICKIE CLINTON, #105578, ) | |
| ) | C/A No. 0:07-2931-GRA-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| THE SOUTH CAROLINA DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      This Petition for a writ of habeas corpus was filed on August 24, 2007, pursuant to 28 U.S.C. § 2241. Petitioner claims that his projected release date has not been properly calculated by South Carolina prison authorities.

      Respondent filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on October 30, 2007. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on October 31, 2007, advising Petitioner of the importance of a dispositive motion and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner filed a written opposition to the motion to dismiss on November 26, 2007.

      Respondent thereafter filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 22, 2008, following which another Roseboro order was entered on April 23, 2008. Petitioner filed a written opposition to the motion for summary judgment on April 30, 2008.



The Petition is now before the Court for disposition.[1]

## Discussion

Petitioner was incarcerated with the South Carolina Department of Corrections ("SCDC") in 1991 pursuant to a thirty (30) year sentence received following guilty pleas to armed robbery and two (2) counts of kidnapping. See Brennan Affidavit, ¶ 7. After the Petitioner began serving his sentence in South Carolina, Florida placed a detainer on him for violation of his probation from a previous Florida conviction. As a result, Petitioner was transferred to the custody of the Florida Department of Corrections in 2000 for disposition of that charge. See Brennan Affidavit, ¶ 8. Respondent represents that Petitioner was subsequently found guilty of violating his Florida parole and was sentenced to a seven (7) year sentence, which was to be served concurrently with the sentence arising out of the South Carolina convictions. Respondent further represents that after the expiration of Petitioner's Florida sentence, he was in the custody of Florida only as a result of his South Carolina sentence.[2]

When Respondent filed its summary judgment motion, it represented to the Court that Petitioner had been released from the Florida Department of Corrections on April 1, 2008, and is no longer incarcerated in any jurisdiction. See Cromer Affidavit, ¶ 2; see also Court Docket Nos. 29 [change of address form] and 30-5(¶ 11). Although Petitioner filed a memorandum in opposition to the motion for summary judgment, he presents no arguments as to why this matter is not now moot

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion to dismiss and a motion for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2] This information has not been disputed by the Petitioner. See also Court Docket No. 24-1, p. 2.

2



0:07-cv-02931-GRA     Date Filed 05/28/08    Entry Number 36     Page 3 of 4

as a result of his release. Accordingly, as Petitioner's requested relief is now moot, his § 2241 Petition should be dismissed. Bailey v. Southerland, 821 F.2d 277, 278-279 (5th Cir. 1987); Sharpe v. Federal Bureau of Prisons, No. 06-1131, 2007 WL 3274855 (D.S.C. Nov. 5, 2007); O'Neal v. Lamanna, No. 06-1795, 2008 WL 759089 (D.S.C. Mar. 20, 2008).

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be granted, and that this Petition be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 28, 2008



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

