UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Rickie Clinton, ) | C/A No.: 0:07-cv-2931-GRA-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | (Written Opinion) |
| The South Carolina Department of ) | |
| Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed May 28, 2008. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

**Procedural Background**

While incarcerated in Florida, Petitioner brought this action on August 24, 2007, pursuant to 28 U.S.C. § 2241, arguing that his projected release date was not properly calculated by South Carolina prison authorities. On April 4, 2008, Petitioner notified the clerk of court that his address had changed because the petitioner had been released from prison on April 1, 2008.

On April 22, 2008, the respondent moved for summary judgment arguing that, *inter alia*, because the petitioner was only challenging the execution of his sentence—the calculation of his release date—upon release from prison, Petitioner's

Page 1 of 4

§ 2241 action was rendered moot.  The magistrate issued a *Roseboro* order advising the petitioner about the consequences of failing to respond to this motion on April 23, 2008.  Petitioner responded on April 30, 2008.  The magistrate recommends dismissing this action because the petitioner's release rendered it moot.

### Standard of Review

Petitioner brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is

not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).   Petitioner filed objections on June 12, 2008.

## Objections

Petitioner objects that his action is not moot because, regardless of whether he is still incarcerated, the respondent knowingly deprived him of his constitutional liberties under the color of state law by imprisoning him beyond his release date, and he is entitled to recover damages for this violation.  (Objs. at 2.)   Though this claim may be viable under 42 U.S.C. § 1983, it is not cognizable under 28 U.S.C. § 2241.  Because the petitioner has been released, there is no further relief this Court can grant to the petitioner under § 2241.  Petitioner's possible § 1983 claims do not change the fact that petitioner's immediate § 2241 petition is moot.  Therefore, Petitioner's objection is without merit.

## Conclusion

After a thorough review of the Report and Recommendation, the record, and relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.   Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the immediate petition be DISMISSED.

IT IS SO ORDERED.

[signature block on the next page]

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 1, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**